**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANCE RIDER,<br><br>            Petitioner - Appellant,<br><br>  v.<br><br>BEN CURRY,<br><br>            Respondent - Appellee. | No. 11-15741<br><br>D.C. No. 5:08-cv-00235-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted December 2, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

After having reviewed Vance Rider's 28 U.S.C. § 2254 habeas petition de novo, *Cunningham v. Wong*, 704 F.3d 1143, 1153 (9th Cir. 2013), we affirm the district court's denial of Rider's petition.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

-1-

To obtain relief, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires Rider to show that the last-reasoned state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003).

1. The California Court of Appeal's decision affirming the trial court's exclusion of expert testimony concerning Rider's mental incapacity under California law was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The California Court of Appeal was limited by California Penal Code § 28. "[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). Moreover, the U.S. Supreme Court upheld Arizona's rule barring consideration of a defendant's mental incapacity evidence with respect to the defendant's *mens rea* one day after the California Court of Appeal decided Rider's case. *See Clark v. Arizona*, 548 U.S. 741, 742 (2006). *Clark* did not overrule any prior Supreme Court precedent. Thus, the California Court of

-2-

Appeal's decision could not have been contrary to, or could not have involved an unreasonable application of, clearly established Supreme Court precedent.

2. Rider also did not demonstrate that the California Court of Appeal's affirmation of his 25-years-to-life sentence under California's three strike law was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Clearly established Supreme Court precedent required the state court to consider "objective factors," specifically (1) the "gravity of the offense and the harshness of the penalty," (2) "sentences imposed on other criminals in the same jurisdiction," and (3) "sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983). "In weighing the gravity of [the defendant's] offense, [the court] must place on the scales not only [the] current felony, but also [the defendant's] long history of felony recidivism." *Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality); *see also Solem*, 463 U.S. at 296-97.

Given AEDPA's highly deferential standard, we cannot say that the California Court of Appeal's decision affirming Rider's sentence was "contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." 28 U.S.C. § 2254(d)(1). Rider's criminal history is lengthy and includes violent crimes (oral copulation with a minor at knifepoint, attempted

-3-

manslaughter, and three robberies). Rider also had the possibility of parole. His sentence was not the "most severe punishment that the State could have imposed on any criminal for any crime." *Solem*, 463 U.S. at 297; *see Gonzalez v. Duncan*, 551 F.3d 875, 886 (9th Cir. 2008). Finally, although only California and Texas require imposing a 25-years-to-life sentence for a three strike offender who violates the sex offender registration law, *Gonzalez*, 551 F.3d at 888, "no single criterion can identify when a sentence is so grossly disproportionate that it violates the Eighth Amendment." *Solem*, 463 U.S. at 290 n.17.

While Rider argues that *Gonzalez* demands a different result, this court decided *Gonzalez* more than two years after the California Court of Appeal decided Rider's case in 2006. *See Gonzalez*, 551 F.3d at 875. Thus, the California Court of Appeal did not have the benefit of *Gonzalez*'s reasoning when applying *Solem*'s factors. Even if *Gonzalez* had been decided earlier, Rider's situation does not fit *Gonzalez*'s facts. Rider failed to register after moving, while the *Gonzalez* petitioner did not move and registered within the year—just not within five working days of his birthday. *Id.* at 877-78. Further, Rider lied about how long he had been staying at the shelter, making the state court's decision "even more reasonable." *Crosby v. Schwartz*, 678 F.3d 784, 794 (9th Cir. 2012).

The judgment of the district court is **AFFIRMED**.

*Rider v. Curry*, No. 11-15741

SILVERMAN, Circuit Judge, dissenting:

While I agree with the majority's decision not to grant relief based on the state court's decision to exclude petitioner's proposed expert testimony, I disagree that the state court's decision upholding his twenty-five years to life sentence was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Accordingly, I respectfully dissent.

Petitioner was charged with violating the sex offender registration statute. As the instructions to the jury and the prosecutor's closing argument make clear, this case went to the jury on two theories of guilt: failure to register within five days of changing his address, and failure to register within five days of his birthday. The jury rendered a general verdict, so it is impossible to tell what violation was deemed proven.

The distinction between the two types of registration failures matters greatly when it comes to sentencing. We have held that a state court unreasonably applied federal law when it upheld a three strikes sentence for failure to complete a birthday registration. *Gonzales v. Duncan*, 551 F.3d 875 (9th Cir. 2008). On the other hand, we have also held that a similar sentence for failure to register upon moving is not an unreasonable application. *Crosby v. Schwartz*, 678 F.3d 784 (9th Cir. 2012).

In upholding petitioner's sentence, the California Court of Appeal made no distinction between the two types of registration failures with which petitioner was charged, even though at least one California opinion (issued before petitioner's conviction became final) labeled a defendant's annual registration failure "a passive, nonviolent, regulatory offense that posed no direct or immediate danger to society." *People v. Carmony*, 127 Cal.App.4th 1066, 1078 (2005) (applying *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Nor did the state court acknowledge that there is no way to determine if petitioner was convicted of this regulatory offense.

While both *Gonzalez* and *Crosby* were decided after this petitioner's conviction was reviewed by the state Court of Appeal, neither case announced a new rule, instead applying only the existing rules articulated in such cases as *Solem* and *Lockyer*, both of which were cited by the state court in denying petitioner's Eighth Amendment claims on direct review. *See*, *e.g.*, *Bell v. Hill*, 190 F.3d 1089, 1090-91 (9th Cir. 1999). *See also Norris v. Morgan*, 622 F.3d 1276, 1287 (9th Cir. 2010), *quoting Rummel v. Estelle*, 445 U.S. 263, 274 (1983) ("[A]t the very least, it was clearly established at the time the state court decision in this case became final that in applying gross disproportionality principle courts must objectively measure the severity of a defendant's sentence in light of the crimes he committed.").

We must ensure that every constitutional "I" is dotted and every "T" crossed

when dealing with a sentence of this magnitude for a crime of this nature. Because it is entirely possible – indeed, likely – that petitioner was found guilty of only the technical species of failure to register as a sex offender – i.e., a birthday violation – a sentence of twenty-five years to life violates the proportionality element of the Eighth Amendment. *Gonzalez*, 551 F.3d at 890-91. Therefore, I respectfully dissent.